DAVID E. MASTAGNI, Esq. (SBN 204244)
davidm@mastagni.com
TAYLOR DAVIES-MAHAFFEY, Esq. (SBN 327673)
tdavies-mahaffey@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile:  (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AGUIRRE, NEIL BALTES, BRENT BASAITES, DARREN BRECHT, BRADLEY BROWN, DAVID COLEMAN, STEPHEN DAVY, DILLON FETTY, JIM FLORES, DANIEL GIBSON, RYAN GRECO, GREGORY HARRIS, KYLE HOUK, WILLIAM JAMES, ERIC JOHNSON, JOSHUA JONES, TRAVIS KNABE, ANDREW LINSEY, CHRIS LINGWALL, RANDY LOGUE, CHRIS MARVIN, IAN MATHENY, CASEY MAZE, RANDY MCDANIEL, DAN MIELKE, CHRIS MURRAY, CAREY PARRO, ROBERT PITTS, DAVID PRICE, ALI RAHIMZADEH, CESAR ROBLES, STEVE ROSENDALE, WAAIL SABRI, BILL SCHAEFER, DAVID SCHAUTSCHICK, JOHN SCHNAKENBERG, KYLE SMITH, MARK TERRILL, RYAN VAN TRAIN, BRYAN WILLIAMS, TIMOTHY WILLIAMS, NATHAN | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216** |

ZELEKE and JUSTIN ZUHLKE, on behalf of themselves and all similarly situated individuals

　　　　　Plaintiffs,

　　v.

CITY OF BREA,

　　　　　Defendant.

# I.

# INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, et seq., to recover from Defendant CITY OF BREA (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

2. This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate overtime compensation for Plaintiffs and all similarly situated individuals, as well as Defendant's practice of incorrectly paying the regularly scheduled overtime hours of Plaintiffs, and similarly situated individuals, who work a 48/96 schedule.

# II.

# PARTIES

3. JOHN AGUIRRE, NEIL BALTES, BRENT BASAITES, DARREN BRECHT, BRADLEY BROWN, DAVID COLEMAN, STEPHEN DAVY, DILLON FETTY, JIM FLORES, DANIEL GIBSON, RYAN GRECO, GREGORY HARRIS, KYLE HOUK, WILLIAM JAMES, ERIC JOHNSON, JOSHUA JONES, TRAVIS KNABE, ANDREW LINSEY,

CHRIS LINGWALL, RANDY LOGUE, CHRIS MARVIN, IAN MATHENY, CASEY MAZE, RANDY MCDANIEL, DAN MIELKE, CHRIS MURRAY, CAREY PARRO, ROBERT PITTS, DAVID PRICE, ALI RAHIMZADEH, CESAR ROBLES, STEVE ROSENDALE, WAAIL SABRI, BILL SCHAEFER, DAVID SCHAUTSCHICK, JOHN SCHNAKENBERG, KYLE SMITH, MARK TERRILL, RYAN VAN TRAIN, BRYAN WILLIAMS, TIMOTHY WILLIAMS, NATHAN ZELEKE and JUSTIN ZUHLKE, ("Plaintiffs") are or were employed by Defendant. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the limitations period covered by this action.

4. Defendant, CITY OF BREA, is a political subdivision of the State of California, and employed the Plaintiffs. Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay resulted in the under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

5. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

6. The named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

## III.

## JURISDICTION

7. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, et seq., to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, et seq.

8. Venue is proper because the acts and omissions giving rise to this action occurred primarily in the Central District.

## IV.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work, or have worked, for the Defendant during the time period relevant to this action and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiffs' claims are typical of those of other individuals similarly situated. Plaintiffs will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, pursuant to 29 U.S.C. section 216(b), for unpaid overtime compensation, liquidated damages thereon, based on a three-year statute of limitations, and relief incident and subordinate thereto, including attorney fees and costs.

11. Plaintiffs' claims for relief for violations of the FLSA are brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. section

216(b) for all violations of the FLSA.

12. Plaintiffs hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. sections 216(b) and 256.

13. On information and belief, the exact number of members similarly situated in the collective group, as herein identified and described, is estimated to consist of over fifty individuals.

14. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including: (1) whether Defendant failed to fully compensate Plaintiffs and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to, cash in lieu of health benefits and contributions made towards the purchase of health benefits; (2) whether Defendant failed to fully compensate Plaintiffs and similarly situated individuals for all overtime hours worked by undercounting the number of overtime hours worked by Plaintiffs in a 14-day alternative work periodwhile working a 48/96 schedule. The relief sought is common to the entire class.

15. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to the relief sought herein.  There is no conflict as to the named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief set forth herein.

16. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the

interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

17. Plaintiffs' counsel is experienced and capable in the field of FLSA and labor/employment litigation and has successfully represented thousands of claimants in other litigation of this nature.

18. Plaintiffs' counsel will conduct and be responsible for Plaintiffs' case herein. David E. Mastagni and Taylor Davies-Mahaffey, who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered significant sums on their behalf.

19. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiffs, and the class of putative plaintiffs they seek to represent, to the same uniform practices of: (1) excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to, cash in lieu of health benefits and contributions made towards the purchase of health benefits; (2) undercounting the number of overtime hours worked and failing to correctly pay all owed overtime compensation.

20. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated current and former non-exempt employees of Defendant so that they may make an informed decision about whether or not to join this action.

## V.
## FACTUAL ASSERTIONS

21. On or about February 28, 2020, Plaintiffs' counsel executed a tolling agreement with Defendant on behalf of Plaintiffs and similarly situated individuals. Pursuant to the tolling agreement, Plaintiffs and similarly situated individuals covered claims extend back to February 28, 2017.

22. Plaintiffs and similarly situated individuals are, or were, employed by the Defendant and were undercompensated for FLSA overtime on or after February 28, 2017.

23. Plaintiffs and similarly situated individuals are current or former Brea Fire Department Employees, represented by Brea Professional Firefighters, Local 3776 ("Local 3776"). Local 3776 is the exclusive bargaining representative of employees in the Firefighters Bargaining Unit.

24. The terms and conditions of employment of Local 3776 members, including but not limited to compensation, are governed by a Memorandum of Understanding ("MOU") between Local 3776 and Defendant.

### A. Defendant Excluded Certain Remunerations thereby Undervaluing the "Regular Rate" of Pay.

25. At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiffs' overtime compensation are based.

26. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. *Madison v. Resources for Human Development*, 233 F.3d 175, 187 (3rd. Cir. 2000).

27. Defendant's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to them by failing to include all statutorily required amounts into the calculation of their "regular rate" of pay as defined by 29 U.S.C. section 207(e).

28. Defendant violated the FLSA by paying Plaintiffs for overtime hours worked during the period covered by this lawsuit at less than the Regular Rate of Pay.

///

> i. *<u>Defendant Failed to Include Certificate Incentive Payments in the Regular Rate.</u>*

29. Defendant failed to include monetary compensation paid to Plaintiffs and other similarly situated individuals for earning job-related certificates in the "regular rate" used to calculate overtime compensation.

30. As part of the compensation Defendant offered to Plaintiffs and other similarly situated individuals, it paid them an annual amount of $500 for each City certificate they received, with the total amount capped at $2,500 annually.

31. At all times relevant hereto, Defendant placed no condition on use of these certificate payments.

32. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded certain remunerations it paid Plaintiffs and similarly situated individuals, including but not limited to these certificate incentive payments. Plaintiffs are informed and believe Defendant treated such payments made to similarly situated individuals in the same manner.

33. Plaintiffs and similarly situated individuals worked FLSA overtime during the limitations period covered by this Action. Defendant excluded the certificate payments from the overtime paid for this work.

34. At all times relevant hereto, Defendant treated certificate payments made to Plaintiffs as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payments to similarly situated individuals in the same manner.

35. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

36. 29 U.S.C. section 207(e)(2) does not allow Defendant to exclude from the "regular rate" monetary compensation paid to Plaintiffs and similarly situated individuals as an incentive for acquiring job-related certificates.

*O'Brien v. Town of Agawam*, 350 F.3d 279, 296–297 (1st Cir. 2003); *Featsent v. City of Youngstown*, 70 F.3d 900, 904-05 (6th Cir. 1995).

    ii.    *Defendant Failed to Include Retroactive Pay in the Regular Rate.*

37. Defendant failed to include monetary compensation paid to Plaintiffs and other similarly situated individuals as a part of a non-discretionary bonus in lieu of individualized retroactive payments in the "regular rate" used to calculate overtime compensation.

38. In or around May of 2019, Defendant paid a non-discretionary lump sum bonus to Plaintiffs and all similarly situated individuals. This bonus was meant to compensate Plaintiffs for the time period in which the parties were out of contract.

39. Defendant exercised no discretion in awarding the retroactive bonus payments. Plaintiffs and all similarly situated individuals who qualified received the same lump-sum, regardless of merit, rank, etc.

40. At all times relevant hereto, Defendant placed no condition on use of this retroactive bonus.

41. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded certain remunerations it paid Plaintiffs and similarly situated individuals, including but not limited to the retroactive bonus. Plaintiffs are informed and believe Defendant treated such payments made to similarly situated individuals in the same manner.

42. Plaintiffs and similarly situated individuals worked FLSA overtime during the limitations period covered by this Action. Defendant excluded the retroactive bonus payments from the overtime paid for this work.

43. At all times relevant hereto, Defendant treated the retroactive bonus payment made to Plaintiffs as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payment to similarly situated individuals in the same manner.

44. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

45. Pursuant to 29 C.F.R. § 778.303, Defendant is required to include retroactive payments in Plaintiffs "regular rate" of pay for calculating overtime by apportioning the payment back over the pay periods the payment was intended to cover.

46. 29 U.S.C. section 207(e)(2) and 29 C.F.R. § 778.303 do not allow Defendant to exclude from the "regular rate" monetary compensation paid to Plaintiffs and similarly situated individuals as a non-discretionary retroactive bonus.

    ii. *Defendant Failed to Include Cash-in-Lieu of Health Care in the Regular Rate.*

47. Defendant failed to include monetary compensation paid to Plaintiffs and other similarly situated individuals in lieu of Defendant-provided health insurance in the "regular rate" used to calculate overtime compensation.

48. As part of the compensation Defendant offered to Plaintiffs and other similarly situated individuals, it paid monetary compensation to individuals that opted out of Defendant-provided health benefits coverage.

49. At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

50. Also, as part of the compensation it provided Plaintiffs, Defendant made contributions on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits.

51. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded certain remunerations it paid Plaintiffs and similarly situated individuals, including but not limited to, cash payments in lieu of health benefits and contributions made towards the purchase of health benefits. Plaintiffs are informed and believe Defendant treated such payments made to similarly situated individuals in the same manner.

52. Plaintiffs and similarly situated individuals worked FLSA overtime during the limitations period covered by this Action. Defendant excluded payments made to Plaintiffs in lieu of health benefits from the overtime paid for this work.

53. At all times relevant hereto, Defendant treated payments made to Plaintiffs in lieu of health benefits as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payments to similarly situated individuals in the same manner.

54. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

55. 29 U.S.C. section 207(e)(2) does not allow Defendant to exclude from the "regular rate" monetary compensation paid to Plaintiffs and similarly situated individuals in lieu of contributions for health benefits or spending less than the allowance provided.

**B.  Defendant's Flexible Benefit Plan is not a "Bona Fide" Plan.**

56. Similarly, 29 U.S.C. section 207(e)(4) only allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person when made pursuant to a "bona fide plan" for providing health insurance benefits.

57. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

58. In *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) (cert. denied 137 S.Ct. 2117), the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "[u]nder § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." *Id*. Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under 207(e)(4) because those payments were not made to a trustee or third party.

59. The court in *Flores*, *supra*, also held that when the total cash payments made directly to employees pursuant to a benefit plan are more than "incidental," the plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215. *Id.* at 903; *see also* Regular Rate Under the Fair Labor Standards Act ("Final Rule"), 84 Fed. Reg. 68736-01, 68761 (Dec. 16, 2019) (affirming *Flores* and adopting the 20% threshold for "incidental" payments.) Therefore, any contributions made on behalf of an employee towards the purchase of health benefits that are not made pursuant to a bona fide plan are required to be included in the calculation of the "regular rate".

60. On information and belief, Defendant's total cash payments made directly to employees in lieu of health insurance or benefits were more than "incidental" during the limitations period covered by this action.

61. Defendant's health benefits plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

62. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not made

pursuant to a bona fide plan within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

63. Payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits are required to be included in the calculation of their overtime compensation.

64. Plaintiffs and similarly situated individuals worked FLSA overtime during the limitations period covered by this Action.

65. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not included in any employees' regular rate for the purposes of determining overtime compensation. As such, Defendant excluded such payments from their overtime compensation during the relevant time period.

66. Because the remunerations paid to Plaintiffs and similarly situated individuals in lieu of health benefits were not made for hours of non-work, or made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

67. At all times relevant hereto, Defendant, through pattern and practice on a city-wide basis did not include the monetary compensation it provided directly to Plaintiffs and similarly situated individuals in lieu of health benefits as well as for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

68. Likewise, Plaintiffs are informed and believe, and based thereon allege, Defendant failed to include contributions it made on their behalf and on behalf of other similarly situated individuals toward the purchase of health benefits in the "regular rate" used to calculate their overtime compensation.

69. By excluding certain items of remuneration from the "regular rate" of pay used to calculate the overtime compensation paid to Plaintiffs and other similarly situated individuals, including but not limited to cash in-lieu of health benefits and contributions towards the purchase of health benefits, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

## C. Defendant Failed to Compensate Plaintiffs and Similarly Situated Individuals for All Overtime Hours Worked by Implementing a Payroll Practice of Undercounting the Number of Overtime Hours Regularly Worked Under the 48/96 Schedule.

70. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

71. Plaintiffs, and similarly situated individuals, who classify as "sworn employees" work a schedule which includes two 24-hour work shifts followed by four 24-hour shifts off duty. This is commonly referred to as a "48/96" schedule.

72. The City has designated a 14-day work period as authorized by 29 U.S.C. section 207(k).

73. Defendant pays Plaintiffs, and similarly situated individuals, working the 48/96 scheduled a base salary intended to compensate them for the straight time portion of all regularly scheduled hours.

74. Pursuant to 29 U.S.C. section 207(k) and 29 C.F.R. section 553.230, for employees engaged in fire suppression, any time worked over 106 hours in that 14-day period is considered overtime.

75. Any time worked as part of the Plaintiffs, and similarly situated individuals, regularly scheduled 48/96 shifts that exceeds 106 hours in that 14-day period

must be compensated at .5 times the Regular Rate of Pay, in addition to their base salary.

76. As a result of the City's schedule and designated 14-day work period, Plaintiffs and similarly situated individuals work 144 scheduled hours every third work period. This results in 38 hours of scheduled overtime every third work period.

77. However, Plaintiffs and similarly situated individuals are only compensated for 6 hours of scheduled overtime during that work period.

78. Thus, Defendants fail to pay Plaintiffs and similarly situated individuals who worked their regularly scheduled shifts for 32 hours of scheduled overtime worked every third work period.

79. Plaintiffs and similarly situated individuals actually worked in excess of 112 regularly scheduled hours during some work periods within the time period covered by this action, but only received overtime compensations for six (6) regularly scheduled hours of work. Thus, Defendant failed to provide overtime compensation for all regularly scheduled work hours that exceeded 106 hours of work in a 14-day work period.

80. This method of calculating overtime hours has resulted in a systematic underpayment of overtime during the relevant time period.

**D. Defendants Willfully and Knowingly Violated the FLSA.**

81. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

82. Beginning in 2017, representatives of Local 3776 have repeatedly complained to Defendant that its overtime compensation practices violate the FLSA.

83. Representatives of Local 3776 have attempted to negotiate changes to the

14-day alternative work period to better fit the 48/96 work schedule, which repeats every 6 days. Defendant has ignored this complaints.

84. Similarly, representatives of Local 3776 have complained to Defendant that its payroll practices undercalculate the Regular Rate of Pay used to calculate overtime.

85. In 2016, the Ninth Circuit issued a published opinion requiring that payments in lieu of health coverage and non-bona fide contributions towards health insurance be included in overtime compensation.

86. Plaintiffs are informed and believe and therefore allege that Defendant is and was contemporaneously aware of the requirements set forth in *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) (cert. denied 137 S.Ct. 2117), yet willfully chose not to comply with its mandates.

87. Plaintiffs are informed and believe, and based thereon allege, Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by failing to pay overtime for all hours worked in excess of 106 in a 14-day period and continuing to exclude remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

88. Defendant's failure to properly compensate Plaintiffs and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

89. As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs seek damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages thereon. Plaintiffs seek these damages for the entire period of time Defendant engaged in said unlawful and willful conduct, beginning three years prior to the filing of this complaint as prescribed by the FLSA.

90. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## VI.

## FIRST COUNT

### (Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)

91. Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

92. Defendant suffered or permitted Plaintiffs and, on information and belief, other similarly situated individuals to work in excess of 106 hours in a 14-day period, but failed to compensate all such hours at the requisite overtime rate of pay.

93. Defendant suffered or permitted Plaintiffs and, on information and belief, other similarly situated individuals to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation.

94. Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

95. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

96. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

97. At all times relevant hereto, Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful

violation of the FLSA.

98. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiffs seek back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages for the period beginning three (3) years prior to the execution of the Tolling Agreement.

99. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## VII.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and a willful violation of the FLSA, and therefore Plaintiffs and similarly situated individuals are entitled to recover damages under a three (3) year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to: (1) revisions to applicable compensation policies to clearly indicate that the above-referenced remuneration will be included in the "regular rate" of pay for the purposes of overtime compensation; (2) revisions to the method used to calculate the number of overtime hours worked by Plaintiffs and similarly situated individuals working a 48/96 schedule;

6. For conditional certification of the collective class as pled;

7. For an order to timely notify all potential collective class members of this action;

8. For such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: December 13, 2022          **MASTAGNI HOLSTEDT, A.P.C.**

By:   /s/ David E. Mastagni
DAVID E. MASTAGNI, Esq.
TAYLOR DAVIES-MAHAFFEY, Esq.